

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**September 21, 2015 11:36**

By: MARK SCHLACHET 0009881

Confirmation Nbr. 547348

BARRY A. COHEN                                      CV 15 851422

vrs.

KIND, LLC                                          **Judge:**

                                                   DANIEL GAUL

**Pages Filed:**   27

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

———————————————————x

Barry A. Cohen
3820 Bendemeer Rd.                                    CASE NO.
Cleveland, OH 44118,


       Plaintiff                                         JUDGE


   v.

KIND, LLC
55 W 21st St Fl 6
New York, NY 10010-6809

       Defendant


———————————————————x


**Clerk Shall Give Notice to the
Attorney General of Ohio per
R.C. §1345.09(E):**

Attorney General Mike DeWine
30 East Broad Street, 14th Floor
Columbus, Ohio   43215


**COMPLAINT FOR INJUNCTION**
**(R.C. 1345.09(D))**


    Barry A. Cohen ("Plaintiff") alleges, upon personal knowledge as to himself and his own

acts, and upon information and belief (based on the investigation of counsel) as to all other

matters, as follows:

1

1.     This is an injunctive action on behalf of Plaintiff, individually, the purpose of which is to obtain an injunction as to Defendant's further introduction into Ohio of the words "healthy" and "all natural" in conjunction with its marketing and sales in Ohio of certain (a) KIND Healthy Bars represented as "healthy," or (b) KIND All-Natural Bars that actually contain artificial ingredients or synthetic substances.  In truth, the bars do not meet the legal requirements, as promulgated by the United States Food and Drug Administration, requisite to the nutrient content claim of "healthy" on a food label, nor is any one of the bars at issue free of artificial and /or synthetic ingredients. KIND acknowledges its error as to "healthy," but simply refuses to reform its practices and cease its deception of the Ohio consuming public. [1]

2.     Since its inception, KIND held itself out as the brand focused on "creating wholesome and great tasting snacks." KIND sought to distinguish itself from its competitors by prominently advertising that its snack bar varieties including KIND All-Natural Bars and KIND Healthy Bars are "All-Natural" and "healthy," even though the KIND All-Natural Bars and KIND Healthy Bars are, in fact, not "All Natural" or "healthy" as represented.

3.     KIND manufactures, distributes and sells 30 varieties of snack bars that are falsely and deceptively marketed and labeled as made with "All Natural" ingredients (collectively, the "KIND All-Natural Bars").[2] These snack bars are varieties of KIND "Fruit & Nut" bars,

---

[1] KIND LLC, A Note to Our KIND Community, http://www.kindsnacks.com/blog/post/a-note-to-our-kind-community-2/ (last visited September 18, 2015).

[2] The KIND All-Natural Bars include KIND "Fruit & Nut" Almond & Apricot; KIND "Fruit & Nut" Nut Delight; KIND "Fruit & Nut" Blueberry Vanilla & Cashew; KIND "Fruit & Nut" Fruit & Nut Delight; KIND "Fruit & Nut" Apple Cinnamon & Pecan; KIND "Fruit & Nut" Almonds & Apricots in Yogurt; KIND "Fruit & Nut" Peanut Butter & Strawberry; KIND "Fruit & Nut" Almond & Coconut; KIND "Fruit & Nut" Almond Coconut Cashew Chai; KIND "Fruit & Nut" Fruit & Nuts in Yogurt; KIND "Plus" Cranberry Almond + Antioxidants with Macadamia Nuts; KIND "Plus" Almond Walnut Macadamia with Peanuts Protein; KIND "Plus" Pomegranate Blueberry Pistachio + Antioxidants; KIND "Plus" Almond Cashew with Flax + Omega 3; KIND "Plus" Blueberry Pecan + Fiber, KIND "Plus" Dark Chocolate Cherry Cashew + Antioxidants; KIND "Plus" Peanut Butter Dark Chocolate + Protein; KIND "Nuts & Spices" Cashew & Ginger; KIND "Nuts & Spices" Dark Chocolate Chili Almond; KIND "Nuts & Spices" Maple Glazed Pecan & Sea Salt; KIND "Nuts & Spices" Madagascar Vanilla Almond; KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan; KIND "Nuts & Spices" Dark Chocolate Mocha Almond; KIND "Nuts & Spices" Caramel Almond & Sea Salt; KIND "Nuts & Spices" Salted Caramel & Dark

2

KIND "Plus" bars, KIND "Nuts & Spices" bars, and KIND "Healthy Grains®" bars, which contain one or more Challenged Ingredients, some of which are artificial ingredients or synthetic chemicals under federal regulations.

4.      Although KIND disclosed on certain labels of KIND All-Natural Bars that these bars contain one or more Challenged Ingredients, these labels do not make known that these Challenged Ingredients are either artificial or synthetic. Upon information and belief, KIND utilizes Natural (fruit) Flavor, Non GMO Glucose or Glucose Syrup, vegetable glycerin, hexane-processed soy lecithin, soy protein isolate, and palm kernel oil collectively, "Challenged Ingredients" in its KIND All-Natural Bars. As such, labeling KIND "All-Natural" creates false impression and confusion among consumers. A reasonably prudent consumer would not expect a product labeled "All-Natural" to contain artificial or synthetic ingredients.

5.      Of the 30 bar varieties at issue in this Complaint, nine (9) of these varieties have ben at relevant times or are also falsely and deceptively represented as "healthy" (collectively, the "KIND Healthy Bars").[3] These bars are varieties of KIND "Fruit & Nut" bars, KIND "Plus" bars, KIND "Nuts & Spices" bars, and KIND "Healthy Grains®" bars, which contain(ed) more than the maximum amount of saturated fat allowable under the federal requirements for use of the nutrient content claim "healthy" on a food label.

---

Chocolate Nut; KIND "Healthy Grain®" Dark Chocolate Chunk; KIND "Healthy Grain®" Maple Pumpkin Seeds with Sea Salt; KIND "Healthy Grain®" Vanilla Blueberry; and KIND "Healthy Grain®" Peanut Butter Dark Chocolate.
[3] The KIND Healthy Bars include KIND "Fruit & Nut" Almond & Apricot; KIND "Fruit & Nut" Almonds & Apricots in Yogurt; KIND "Fruit & Nut" Almond & Coconut; KIND "Fruit & Nut" Almond Coconut Cashew Chai; KIND "Plus" Peanut Butter Dark Chocolate + Protein; KIND "Nuts & Spices" Dark Chocolate Chili Almond; KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan; KIND "Nuts & Spices" Dark Chocolate Nut &Sea Salt; and KIND "Nuts & Spices" Salted Caramel & Dark Chocolate Nut.

3

6.     Although KIND disclosed the saturated fat content on certain nutrition facts panels of KIND Healthy Bars, KIND does not make known that these content level exceed federal requirements for use of the nutrient content claim "healthy" on a food label. As such, representing KIND Healthy Bars as "healthy" creates false impression and confusion among consumers. A reasonably prudent consumer would not expect a product labeled "healthy" to contain the same amount of saturated fat as a candy bar.

7.     In short, KIND has engaged in a uniform, widespread campaign to mislead consumers about the nature of the ingredients in KIND All-Natural Bars and the purportedly "healthful" benefits of its KIND Healthy Bars. By deceiving consumers about the nature, quality and ingredients of its KIND All-Natural Bars and KIND Healthy Bars, KIND was and is able to command a price premium for its products. KIND profited *and continues to profit* handsomely by persuading consumers to purchase KIND All-Natural Bars and KIND Healthy Bars over other snack options not misleadingly labeled as "All-Natural" or "healthy." KIND was motivated to mislead consumers for no other reason than to take away market share from competing products, thereby increasing its own sales and profits.

8.     Plaintiff seeks injunctive relief in this action, individually, for violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

## NOTICE TO DEFENDANT; PLAINTIFF'S EFFORTS
## TO RESOLVE THIS MATTER

9.     KIND was warned by the FDA on March 17, 2015, it claims, concerning four (4) bars specifically; but in fact the FDA noted numerous "serious violations" and the four (4) bars specified is but the "tip of the iceberg."

10.     Although warned, KIND continues to use the offending language in its advertisements

4

and on its packaging, more than six months after warning.

11.     KIND issued a public admission of its violation and advised as follows: "[w]e always

appreciate hearing from you, so drop us a line if you have questions at

customerservice@kindsnacks.com.  Your KIND Team" http://www.kindsnacks.com/blog/post/a-

note-to-our-kind-community-2/

12.     On August 31, 2015 Plaintiff accepted KIND's offer to address Plaintiff's concerns, and

drafted and transmitted by email to Defendant's MDL counsel a letter notifying and advising of

the problems at bar. The letter made the following points:

> a. Product is not "healthy" as defined by federal law;
> b. Product is not "All Natural;"
> c. Company violated various sections of the Consumer Sales Practices Act
>      of Ohio, R.C. 1345.01 et seq;
> d. Plaintiff demands that Kind, LLC correct, repair, replace or otherwise
>      rectify the false labeling and advertising of the bars;;
> e. Plaintiff has no interest in proceeding in Ohio against KIND if he can be
>      persuaded that KIND is marketing the bars in good faith.

13.     Plaintiff has received no response to his letter and therefore must conclude that it is

likely—certainly more likely than not—that Defendant is marketing its bars in violation of

CSPA and not in good faith, and cannot justify its actions under law.

14.      Plaintiff has received no response to his letter and therefore has no remedy absent this

Court's exercise of equitable jurisdiction.  Six months is far too long to make the adjustment in

online and print necessary to avoid purposeful deception of the public.

## THE PARTIES

15.     Plaintiff Barry A. Cohen is a resident of Cleveland Heights, Ohio.  The Plaintiff

purchased KIND All-Natural Bars on numerous occasions during the during the two-year period

preceding commencement hereof, at places including Costco, Whole Foods and other retail

5

stores in Cuyahoga County, Ohio.   Plaintiff Cohen purchased individual bars and multipack

boxes (12 and 18 count) of KIND All-Natural Bars, specifically including, but not limited to,

Peanut Butter Dark Chocolate + Protein and variety packs, which range from approximately

$1.99 (individual) to $14.00 - $21.00 (multipack).   The Plaintiff purchased KIND All-Natural

Bars in reliance on KIND's misrepresentations, including those found on the labels for the

respective KIND All-Natural Bars and various promotional materials described herein.   The

Plaintiff chose KIND All-Natural Bars over other snack bar options and paid a substantial

premium for KIND All-Natural Bars because he believed KIND's misrepresentations that the

KIND All-Natural Bars were "All Natural."   Plaintiff would not have purchased varieties of

KIND All-Natural Bars if he knew that (1) the claims were false or misleading, or (2) the KIND

All-Natural Bars were misbranded.

16.      Defendant KIND, LLC is a Limited Liability Company incorporated in Delaware. KIND

maintains a principal place of business at 8 West 38th Street, 6th Floor, New York, New York

10018. Founded in 2004 by Daniel Lubetzky, KIND bills itself as a market leader in the

nutritional snack bar category and the number one brand in the healthy snack bar segment

within the nutritional snack bar category.

17.      According to the Company, unlike most other nutritional snack bars, KIND's healthy

snack bars are made from all-natural, nutritionally rich "ingredients you can see and

pronounce," a branding proposition KIND registered as a trademark (Federal Trademark

Registration No. 3,634,183).   KIND offers 35 bar varieties and six (6) grain clusters.   These

products are sold through an extensive retail distribution network in over 80,000 locations

nationally.[4] These locations include various grocery stores, specialty food stores (e.g., Whole

---

[4] Caroline Fairchild, Why KIND Bars Are Suddenly Everywhere, http://fortune.com/2014/02/10/why-kind-bars-are-suddenly-everywhere/

6

Foods), club warehouse stores (e.g., Costco), pharmacy and convenience stores (e.g., CVS), gas stations (e.g., Hess) and other venues (e.g., Starbucks).   In 2013 alone, KIND sold more than 200 million KIND bars, with retail sales in excess of $300 million. Over the life of the brand, KIND has sold more than 450 million KIND bars, with aggregate retail sales well in excess of $600 million.

## BACKGROUND

**A.      The Healthy Snacks Food Industry**

18.     Maintaining a healthy lifestyle has become of paramount importance in the United States. Further, American consumers are health conscious and look for wholesome, natural foods to keep a healthy diet, so they frequently take nutrition information into consideration in selecting and purchasing food items.   Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers that they can and do use to make purchasing decisions.   As noted by FDA Commissioner Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and believe the nutrition  facts information and that many consumers use it to help them build a healthy diet.[5]

19.     The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions.   An FDA Food Label and Package Survey found that approximately 4.8% of food products sold in the United States had either a health claim or a qualified health claim on the food package, and that more than half (53.2%) of the food products reviewed had nutrient content claims on the packaging.

---

[5] Transcript for FDA's Media Briefing on Front-of-Pack Labeling, October 20, 2009, available at http://www.fda.gov/downloads/NewsEvents/Newsroom/MediaTranscripts/UCM187809.pdf.

7

20.     American consumers are increasingly seeking "All Natural" ingredients in the foods they purchase.  Although this segment of the health food market was once a niche market, natural foods have increasingly becoming part of the mainstream food landscape over the last several years.  According to *Natural Foods Merchandiser*, a leading information provider for the natural, organic and healthy products industry, the natural food industry enjoyed over $81 billion in total revenue in 2010, and grew over 7% in 2009.[6]  The market for all natural foods grew 9% in 2010 to $39 billion, and 2010 sales were 63% higher than sales in 2005.[7]  Consumer demand for all natural foods was predicted to grow 103% between 2010 and 2015 with annual sales exceeding $78 billion in 2015.[8]

21.     Consumers desire "All Natural" food products for a myriad of reasons, including wanting to live a healthier lifestyle, perceived benefits in avoiding disease and other chronic conditions, as well as to increase weight loss and avoid chemical additives in their food.  The "All Natural" branding also appears to appeal to individual consumers' interest in supporting sustainable living and environmentally sensitive food consumption, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.  As a result, consumers are willing to pay a higher price for "All Natural" food and beverages.

22.     In recent years, consumer's focus on healthier eating has been fairly pervasive and America's demand for natural ingredients has soared. According to an article in *The Economist*, "natural" products are a fast growing market because of the power of "mother nature" in the hands of marketers, which conjures up images of heart-warming wholesomeness and rustic

---

[6] See Natural and Organic Products Industry Sales Hit $81 Billion, Natural Foods Merchandiser, (June 1, 2011), available at: http://www.prnewswire.com/news-releases/natural-and-organic-products-industry-saleshit-81-billion-122958763.html.
[7] http://www.marketwire.com/press-release/natural-and-organic-food-and-beverage-market-to-double-by-2015-1525854.htm.
[8] *Id.*

Electronically Filed 09/21/2015 11:36 / / CV 15 851422 / Confirmation Nbr. 547348 / CLSDH

simplicity.[9] According to this publication, a chief selling point of the organic-food industry is that no man-made chemicals are used in the production process.

23.   Moreover, this health trend is consistently reflected in IRI New Product Pacesetters report (the "IRI Report"), which is compiled by Information Resources Inc.[10] Based on the strongest food and beverage launches from 2014, the IRI Report found that consumers continue to be driven to purchase food products that "meet nutritional goals, while satisfying their desire to indulge."[11]

24.   In order to capture and tap into this growing market and the hunger of consumers for the perceived healthier, chemical free benefits of "All Natural" foods, Kind labeled and advertised the Kind products as "All-Natural."

25.   A reasonable consumer's understanding of the term "natural" comports with federal regulators and common meaning.  That is, a reasonable consumer understands the term natural" to mean that none of the ingredients are synthetic and none of the ingredients are artificial. When the term "natural" is broadened to "All Natural" as on the Kind products' labels, there is no question that a reasonable consumer understands the term "All Natural" to mean that none of the ingredients are synthetic and none of the ingredients are artificial.  In other words, by claiming that Kind products are "All Natural," Defendant has raised the bar and both warranted and represented to consumers that these KIND products contain only natural ingredients, and that none of the components of these KIND Products is artificial or synthetic.

---

[9] *Chemical Blessings: What Rousseau got Wrong*, The Economist, February 4, 2008, available at http://www.economist.com/node/10633398.
[10] Annie Wu, Healthy Snacks Top List of Best-Selling Food Brands in US, http://www.theepochtimes.com/n3/1332258-healthy-snacks-top-list-of-best-selling-food-brands-in-us
[11] Information Resources Inc., IRI Announces Most Successful Consumer Packaged Goods Brands of 2014, http://www.iriworldwide.com/insights/pressreleases

Electronically Filed 09/21/2015 11:36 / / CV 15 851422 / Confirmation Nbr. 547348 / CLSDH

26.     Accompanying this health trend is also Americans' changing view of energy and nutrition bars. A specialty product, once consumed only by athletes and dieters, is now widely consumed by a new type of consumer seeking out the portable bar as a healthy and easy-to-eat snack.[12] According to a Rabobank Group research report (the "Rabobank Report") in 2012, snacks account for a third of the calories consumed by adults on a daily basis.[13] The Rabobank Report also points out that "snack bars have found broad appeal among a large consumer base that ranges from athletes to couch potatoes, from working mothers to professionals on the go" specifically because these bars are multi-purpose and convenient.[14]

27.     Between 1992 and 2012, the snack bar market has more than doubled to almost $6 billion.[15] The Rabobank Report estimates that energy and nutrition bars account for more than one-third of these sales, or nearly two billion dollars. Furthermore, brands that are able to emphasize taste and quality ingredients help fuel growth in the snack bar market.

28.     The notion that taste and quality ingredients help fuel profits in the snack food industry continues to hold true. An editor for Information Resources Inc., in analyzing the top food launches for 2014 explained "consumers want products that are more natural, that feature a streamlined ingredients list. But also understand that there is more to simplicity than ingredients. Consumers also want meal time solutions that are easy."[16]

**B.     KIND Capitalizes On A New Trend of Eating Preferences**

29.     KIND touts itself as one of the snack brands leading the effort to in eat healthier and simpler. According to data from Nielson, out of approximately two thousand products in the

---

[12] Fairchild, Why KIND Bars Are Suddenly Everywhere.
[13] Bloomberg, Rabobank: Outlook Strong for Fast-Growing U.S. Snack Bar Market, http://www.bloomberg.com/bb/newsarchive/aJoXqsAkQ9LA.html
[14] *Id.*
[15] *Id.*
[16] Wu, Healthy Snacks Top List of Best-Selling Food Brands in US.

10

nutritional bar category, six of the top ten fastest-selling products are KIND bars.[17]   For

reference, there are approximately 2,000 products in the nutritional bar category.

30.     In an interview on FOX Business, KIND Founder Lubetzky acknowledges that consumers

have an "obsession with quality."[18] When asked how KIND remains competitive in a huge

healthy-snack industry, Lubetzky explained his snack bars are different because "people don't



# ingredients you can
# see & pronounce®

We believe if you can't pronounce an ingredient, it shouldn't go into your
body. Actually, it shouldn't even go into your pantry. That's why KIND
Healthy Snacks are made from all-natural whole nuts, fruits and whole
grains. Just a delicious way of getting your body essential nutrients like
fiber, protein and antioxidants (to name a few).

have to sacrifice taste or health when they can get something that is healthful and delicious with

nutritiously rich ingredients."[19]

31.     Recognizing consumer's desire for quality ingredients, KIND prides itself as the

brandthat "does things a little differently."[20] While competing brands also contain whole grains,

nuts and fruit, KIND distinguishes itself as the brand that "crafts delicious, natural,

---

[17] Fairchild, Why KIND Bars Are Suddenly Everywhere.
[18] FOX Business, Growing Your Business: Get the Product Right, http://video.foxbusiness
.com/v/2366165678001/growing-your-business-get-the-product-right/?playlist_id=937116503001#sp=show-clips

[19] Id.
[20] KIND LLC, About KIND, http://www.kindsnacks.com/about/#slide-one

11

healthy snacks made from ingredients you can see & pronounce.®[21] In line with its brand philosophy that "there's healthy and tasty," and consumers deserve both, KIND represents that its products "are pretty much the nirvana of healthful tastiness."[22] While KIND Healthy Bars may be tasty, the bars are neither healthful nor healthy because these bars contain the same amount of saturated fat as a candy bar that is not misleadingly represented as "healthy."9. On its website, KIND also maintains its strong belief that consumers should only eat what they can pronounce and, to that end, warrants that its products are made from "all- natural whole nuts, fruits and whole grains."[23] What KIND fails to disclose in its "all-natural" claims on the website or on the labels of its products is that its KIND All-Natural Bars also contains ingredients that are not all natural.

32.     Furthermore, Founder Lubetzky stated that KIND "[would] never use anything that's artificial or that you could claim as natural but can't pronounce."[24] While it may be true that KIND All-Natural Bars use all natural nuts, fruits and whole grains, KIND All-Natural Bars also use one or more ingredients that are either artificial or synthetic

### DEFENDANT'S USE OF UNNATURAL INGREDIENTS

33.     While the United States Food and Drug Administration (the "FDA") has not developed a definition for the use of the term "natural," the FDA does not object to the use of the term if the food does not contain added color, artificial flavors, or synthetic substances.[25]

---

[21] VMG Partners, Kind Healthy Snacks, http://www.vmgpartners.com/companies/kind/
[22] KIND LLC, About KIND.
[23] Id.
[24] Nick Leiber, Kind Healthy Snacks Goes From Small to Big, http://www.bloomberg.com/bw/articles/2013-02-21/kind-healthy-snacks-goes-from-small-to-big
[25] http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm

Electronically Filed 09/21/2015 11:36 / / CV 15 851422 / Confirmation Nbr. 547348 / CLSDH

34.     Congress defines "synthetic" to mean "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such terms shall not apply to substances created by naturally occurring biological processes." 7 U.S.C. §6502(21).

35.     Despite these established definitions, KIND made a far broader and more encompassing representation by labeling its KIND All-Natural Bars as "All Natural" when, in fact, its KIND All-Natural Bars contain between one (1) and five (5) of the Challenged Ingredients that are either artificial or synthetic.

**A.     Soy Lecithin and Soy Protein Isolate**

36.     At least 26 varieties of KIND All-Natural Bars contain the artificial ingredient soy lecithin and at least three (3) of these 26 varieties contain the artificial ingredient soy protein isolate. Soy lecithin and soy protein isolate are refined through the use of a volatile synthetic solvent, hexane.

37.     Hexane is a constituent of gasoline obtained from crude oil, natural gas liquids, or petroleum refinery processing. 40 C.F.R. §99.2155. According to the United States Occupational Safety and Health Administration ("OSHA"), hexane is a narcotic and neurotoxic agent which can cause irritation to the eyes and upper respiratory tract. Commercial hexane also contains benzene, a known hematologic poison linked to chronic leukemia.

**B.     Non GMO Glucose or Glucose Syrup**

38.     At least 24 varieties of KIND All-Natural Bars contain Non GMO glucose and at least two (2) varieties of KIND All-Natural Bars contain glucose syrup. Non GMO glucose is more commonly known as glucose syrup, dried glucose syrup, or corn syrup. *See* 21 C.F.R. 184.1865.

13

39.     Glucose syrup is the liquid form of starch. It derives from a number of starch crops

including maize (corn), wheat, potato, barley or rice, though, maize is commonly used as the

source of starch.   The Plaintiff avers and alleges that the Non GMO glucose and glucose syrup

found in each of the 26 KIND All-Natural Bars derives from starch in maize.   To leach starch

from the corn kernel, the shelled corn is soaked in a dilute sulfur dioxide solution – a synthetic

substance – for several hours. Upon leaching, the starch is further processed to produce glucose

syrup.

**C.     Vegetable Glycerin**

40.     At least eight varieties of KIND All-Natural Bars contain the synthetic substance

vegetable glycerin, a well-recognized synthetic product. *See* 21 C.F.R § 172.866; 7 C.F.R.

§205.605(b); 7 C.F.R.  § 205.603; 21 C.F.R.  § 178.3500. The Plaintiff believes, and

therefore avers, that the vegetable glycerin in KIND All-Natural Bars is synthesized using one or

both commonly used manufactured methods – hydrolysis of fats and oils or hydrogenolysis of

carbohydrates or propylene – and not derived naturally. Commercial glycerin used in food

products manufactured by either of the two commonly used methods is a recognized synthetic

product. 21 CFR 172.866; 7 CFR 205.605(b); 7 CFR 205.603; 21 CFR 178.3500.

Glycerin (a/k/a Glycerine, Glycerol or Vegetable Glycerin) is a synthetic alcohol that rarely

exists in its free form in nature. It is used in some food products as a sweetener, as a

preservative, or as a thickening  agent. Glycerin is commonly manufactured for commercial use

through (1) hydrolysis of fats and oils, or (2) synthesized from the hydrogenolysis of

carbohydrates or petrochemicals.

14

**D.    Palm Kernel Oil**

41.    At least 10 varieties of KIND All-Natural Bars contain palm kernel oil. Unlike palm oil, palm kernel oil contains more saturated fat. Because it has similar properties to trans fats, palm kernel oil became an inexpensive replacement when trans fats were removed from the market due to negative health consequences. The ingredient is commonly extracted from the kernel or seed of the fruit in oil palms, through the use of synthetic solvents, such as hexane.

**E.    Natural (Fruit) Flavor**

42.    At least 14 varieties of KIND All-Natural Bars contain natural fruit flavors that include apricot, strawberry, blueberry and maple. Flavor materials are commonly derived from natural and synthetic means, but it is unclear at this point if the process used to derive each of the above flavors renders the final ingredient so heavily processed that it can no longer be considered as a natural ingredient.

## DEFENDANT'S MISLEADING LABELING AND MARKETING

43.    KIND recognized consumer demand for healthy products made with natural ingredients. To capitalize on this growing demand, KIND engaged in a long-term advertising campaign in which KIND utilized various forms of media to consistently and uniformly promote its KIND All-Natural Bars as "All Natural" and healthy.   For example, KIND's campaign featured thee misrepresentations on its website, in experiential marketing priogramsn, and in point-of-sale promotional materials.  In 2013, KIND spent approximately $40 million advertising KIND bars including sales promotion and trade spending.  Altogether, since 2004, KIND has spent approximately $100 million marketing its healthy snack bars.  KIND bars have received in excess of 3.5 billion earned media impressions during the past four years.

44.    On the front of each KIND All-Natural Bars at issue in this Complaint, KIND makes prominent representations about the nutritious benefits in the snack bar, including the

15

representation that the snack bar is "All Natural." Thus, the labeling of KIND All Natural Bars is designed to create a false consumer belief that KIND Natural Bars are free from artificial or synthetic ingredients.

 

 

45.     According to the ingredient list on KIND All-Natural Bars, and contrary to KIND's promises on product labels and other promotional materials, the KIND All-Natural Bars contain between one (1) and five (5) of the Challenged Ingredients that are either artificial or synthetic:

    a)    KIND "Fruit & Nut" Almond & Apricot: Natural (Apricot) Flavor, Non GMO Glucose, Soy Lecithin, and Vegetable Glycerin.

    b)    KIND "Fruit & Nut" Nut Delight: Non GMO Glucose and Soy Lecithin.

16

c)   KIND "Fruit & Nut" Blueberry Vanilla & Cashew: Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

d)   KIND "Fruit & Nut" Fruit & Nut Delight: Natural (Apricot) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

e)   KIND "Fruit & Nut" Apple Cinnamon & Pecan: Non GMO Glucose and Soy Lecithin.

f)   KIND "Fruit & Nut" Almonds & Apricots in Yogurt: Natural (Apricot) Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Vegetable Glycerin.

g)   KIND "Fruit & Nut" Peanut Butter & Strawberry: Natural (Strawberry) Flavor, Non GMO Glucose, Soy Lecithin, Soy Protein Isolate and Vegetable Glycerin.

h)   KIND "Fruit & Nut" Almond & Coconut: Non GMO Glucose and Soy Lecithin.

i)   KIND "Fruit & Nut" Almond Coconut Cashew Chai: Natural Flavor, Glucose Syrup and Soy Lecithin.

j)   KIND "Fruit & Nut" Fruit & Nuts in Yogurt: Natural (Apricot) Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Vegetable Glycerin.

k)   KIND "Plus" Cranberry Almond + Antioxidants with Macadamia Nuts: Non GMO Glucose.

l)   KIND "Plus" Almond Walnut Macadamia with Peanuts Protein: Non GMO Glucose, Soy Lecithin and Soy Protein Isolate.

m)   KIND "Plus" Pomegranate Blueberry Pistachio + Antioxidants: Natural (Blueberry) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

m)   KIND "Plus" Almond Cashew with Flax + Omega 3: Non GMO Glucose.

n)   KIND "Plus" Blueberry Pecan + Fiber: Natural (Blueberry) Flavor, Non GMO Glucose, Soy Lecithin and Vegetable Glycerin.

o)   KIND "Plus" Dark Chocolate Cherry Cashew + Antioxidants: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

p)   KIND "Plus" Peanut Butter Dark Chocolate + Protein: Natural Flavor, Non GMO Glucose, Palm Kernel Oil, Soy Lecithin and Soy Protein Isolate.

17

q)   KIND "Nuts & Spices" Cashew & Ginger: Non GMO Glucose and Soy Lecithin.

r)   KIND "Nuts & Spices" Dark Chocolate Chili Almond: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

s)   KIND "Nuts & Spices" Maple Glazed Pecan & Sea Salt: Natural (Maple) Flavor, Non GMO Glucose and Soy Lecithin.

t)   KIND "Nuts & Spices" Madagascar Vanilla Almond: Non GMO Glucose and Soy Lecithin.

u)   KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

v)   KIND "Nuts & Spices" Dark Chocolate Mocha Almond: Non GMO Glucose and Soy Lecithin.

w)   KIND "Nuts & Spices" Caramel Almond & Sea Salt: Natural Flavor, Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

x)   KIND "Nuts & Spices" Dark Chocolate Nuts & Sea Salt: Non GMO Glucose, Palm Kernel Oil and Soy Lecithin.

y)   KIND Nuts & Spices" Salted Caramel & Dark Chocolate Nut: Natural Flavor, Glucose Syrup, Palm Kernel Oil and Soy Lecithin.

z)   KIND "Healthy Grain®" Dark Chocolate Chunk: Soy Lecithin.

aa)  KIND "Healthy Grain®" Maple Pumpkin Seeds with Sea Salt: Natural flavor.

bb)  KIND "Healthy Grain®" Vanilla Blueberry: Natural Flavor.

cc)  KIND "Healthy Grain®" Peanut Butter Dark Chocolate: Soy Lecithin.

46.   KIND cultivated and reinforced a corporate image that has catered to this "All Natural" claim. Despite the fact that the KIND Natural Bars identified in Paragraph 43 contain synthetic or artificial ingredients, KIND boldly emblazoned "All Natural" on the labels of each and every one.

18

47.     KIND All-Natural Bars are encased in high-quality clear wrappers to show off the bulk of the ingredients contained in the bars. Founder Lubetzky explained that the packaging "allowed customers to see all the ingredients and know exactly what they are getting." However, a reasonable consumer who made the decision to purchase a KIND All-Natural Bar labeled "All Natural" over a comparable product not labeled "All Natural" could not have known that KIND's representation was untrue, as reasonable consumers do not have the knowledge or equipment to assess whether KIND products contain artificial and synthetic ingredients.   The labeling of products as "All Natural" carries an implied health benefit not present in comparable products that are not labeled as "All Natural" or contain artificial ingredients. This implied health benefit has a monetary value because consumers are often willing to pay a price premium for "All Natural" products for health reasons.   Reasonable consumers, including the Plaintiff, purchased KIND All-Natural Bars based upon the belief that the snack bars are free from ingredients that are not natural. Reasonable consumers would not deem KIND All-Natural Bars as natural or free from unnatural ingredients if they knew that KIND All-Natural Bars contain one or more Challenged Ingredients that are either artificial or synthetic.

**<u>KIND HEALTHY BARS ARE MISBRANDED AS HEALTHY</u>**

48.     "Healthy" conveys a standard, quality or grade of a food product.  The use of the word "healthy" in food advertisements and labeling is a representation governed by the CSPA and by FDA regulation.

49.     It is well established that Federal standards bear materially on the integrity of advertising and labeling in Ohio.  Se e.g. David Parker, et al., Plaintiff, v. Berkeley Premium Nutraceuticals, Inc., et al., Defendants., 2005 Ohio Misc. LEXIS 605 (Dist.1  2005). Federal Law concerns itself with the misbranding of foods. Specifically,  food product is mislabeled if: 1) the "labeling does

19

not conform with the requirements of nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto; or 2) the labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto.

50.    On March 17, 2015, the FDA issued a Warning Letter to KIND.[26] The FDA reviewed four KIND snack bars[27] and concluded, among others, that 1) KIND's healthy claims were misleading; and 2) KIND's labeling practices were in violation of section 403 of the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 343 (the "FDCA").

51.    The F.D.A. considers the term "healthy" (and its related terms) to be an implied nutrient content claim.  "Healthy" (or related terms) may only be used on the label or in labeling of a food that is useful in creating a diet that is consistent with dietary recommendations, *inter alia*, if the food "has saturated fat content of 1 g or less per Reference Amount Customarily Consumed (RACC) and no more than 15 percent of the calories are from saturated fat."

52.    The FDA pointed out that none of the four KIND snack bars met the requirements for use of the nutrient content claim "healthy" set forth in 21 CFR 101.65(d)(2) because the nutrition fact panel on each of the snack bar indicates that each bar contains between 2.5 and 5 grams of saturated fat per 40 gram of the food. These amounts are two to five times higher than the maximum permitted federal requirements. Hence, the KIND snack bars are misbranded within the meaning of section 403(r)(1)(A) of the FDCA.

---

[26] *See* March 17, 2015 FDA Warning Letter to KIND, LLC, *available at* http://www.fda.gov/iceci/enforcementactions/warningletters/ucm440942.htmlast visited September 20, 2015.

[27] These four KIND snack bars reviewed by the FDA were: KIND Fruit & Nut Almond & Apricot, KIND Fruit & Nut Almond & Coconut, KIND Plus Peanut Butter Dark Chocolate + Protein, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants. All four KIND snack bars are at issue in this Complaint.

53.    While the FDA only examined four KIND snack bars, KIND made similar

"healthy" claims for other KIND Healthy Bars. According to the nutrition facts panel on KIND

Healthy Bars at issue in this Complaint, and contrary to KIND's promises on promotional

materials, the following KIND All-Natural Bars were represented as "healthy" but exceed

federal requirements for use of the nutrient claim:

    a)    KIND "Fruit & Nut" Almond & Apricot contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

    b)    KIND "Fruit & Nut" Almonds & Apricots in Yogurt contains 5 gram of saturated fat per 40 gram of the food and 25 percent of the calories are from saturated fat.

    c)    KIND "Fruit & Nut" Almond & Coconut contains 5 gram of saturated fat per 40 gram of the food and 25 percent of the calories are from saturated fat.

    d)    KIND "Fruit & Nut" Almond Coconut Cashew Chai contains 4 gram of saturated fat per 40 gram of the food and 20 percent of the calories are from saturated fat.

    e)    KIND "Plus" Peanut Butter Dark Chocolate + Protein contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

    f)    KIND "Nuts & Spices" Dark Chocolate Chili Almond contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

    g)    KIND "Nuts & Spices" Dark Chocolate Cinnamon Pecan contains 3.5 gram of saturated fat per 40 gram of the food 18 percent of the calories are from saturated fat.

    h)    KIND "Nuts & Spices" Dark Chocolate Nuts & Sea Salt contains 3.5 gram of saturated fat per 40 gram of the food and 18 percent of the calories are from saturated fat.

    i)    KIND "Nuts & Spices" Salted Caramel & Dark Chocolate Nut contains 3.5 gram of saturated fat per 40 gram of the food 18 percent of the calories are from saturated fat.

54.    Accordingly, the KIND Products do not meet the requirements for use of the nutrient

content claim "healthy" on a food label and are misbranded under 21 CFR 101.65(d)(2) and the

use of the word "healthy" to describe the bars at issue is a deceptive sales practice under R.C. 1345.02.

55.     Branding products as "healthy" carries an implied health claim not present in comparable products that do not use the term "healthy" or its related terms. This implied health claim has a monetary value because consumers are willing to pay a price premium for "healthy" products. KIND cultivated and reinforced a corporate image that has catered to this "healthy" claim despite the fact that KIND Healthy Bars exceed federal requirements for use of the nutrient content claim "healthy" on the food label

56.     Until recently, KIND used a logo with the words "KIND Healthy Snacks." VMG Partners, the private equity firm that holds a minority stake in KIND still refers to KIND as "KIND Healthy Snacks" and displays KIND's older logo on its website.[28] Furthermore, multiple references to the company in news articles refer to the company as KIND Healthy Snacks.



57.     KIND continues to unlawfully use the word "healthy" in online advertisements.  For example: "Filled with 20 *healthy* & tasty bars, these cubes make a perfect gift for any snack love including you. As unexpected as the tasty and *healthy* snacks inside."  See http://www.kindsnacks.com/store/types/variety-packs-and-gifts/kind-healthy-indulgence-mixed-

---

[28]   http://www.vmgpartners.com/companies/kind/.

cube-20-count.html  See also KIND *Healthy* Indulgence Mixed Case - 6 Flavors at

http://www.kindsnacks.com/store/types/variety-packs-and-gifts/indulgence-mixed-case.html.[29]

58.    However, KIND Healthy Bars are not "healthy" as defined under federal standards.

Furthermore, the saturated fat content levels in certain varieties of KIND Healthy Bars are

similar to (or sometimes more than) the content levels in candy bars that contain nuts not

otherwise represented as healthy. For example, a KIND "Fruit & Nut" Almond Coconut Cashew

Chai bar contains 4 gram of saturated fat and 20 percent of its calories are from saturated fat. By

contrast a Snickers Bar® contains 4.5 grams of saturated fat and 23 percent of its calories are

from saturated fat while a PayDay Peanut Caramel Bar contains 2.5 gram of saturated fat and 13

percent of its calories are from saturated fat.

59.    A reasonable consumer who made the conscious decision to purchase a KIND Healthy

Bar over a candy bar that contains nuts could not have known that KIND's

representation - that its KIND Healthy Bars were "healthy" - was untrue.  This deprived the

Plaintiff and other reasonable consumers of the ability to make an informed choice in their

selection of snack bars and cost them the premium charged by KIND for their healthy bars that

were, in fact, not "healthy."

## RELIANCE AND INJURY

60.    All of KIND's false and misleading claims challenged herein relate to matters that are

material and important to a consumer's purchasing decision because the claims concern the

ingredients of the KIND All-Natural Bars, the qualities and/or composition of KIND Healthy

Bars, and the reason for which KIND All-Natural Bars and KIND Healthy Bars are sold.

---

[29] Anecdotal commentary suggests that KIND's customers are seriously misguided, for example, "[a] much better alternative to cookies and candy!" states one misguided customer as to the contents of her child's lunch box. http://www.kindsnacks.com/store/types/variety-packs-and-gifts/mini-variety-pack.html

61.    Consumers frequently rely on representations made by food companies and information available on food label when making purchase decisions. Here, Plaintiff reasonably relied to his detriment on KIND's misleading representations and omissions.

62.    KIND's uniform claims in its marketing and promotional materials were intended to, and did induce Plaintiff and the Ohio consuming public to rely upon the representations that KIND All-Natural Bars and KIND Healthy Bars were "All Natural" and "healthy," respectively. These representations were a substantial factor in causing Plaintiff's purchase KIND All-Natural Bars or KIND Healthy Bars over other lower-priced or truly healthy  or  natural  alternatives. Plaintiff would not have purchased KIND All-Natural Bars and KIND Healthy Bars at all or at the price offered if he knew the true facts about KIND All-Natural Bars and KIND Healthy Bars.

63.    At the time of the purchase, the Ohio consuming public was unaware of the fact that 1) the KIND All-Natural Bars contained artificial or synthetic ingredients and are misrepresented as "All Natural," or 2) the KIND Healthy Bars exceed federal requirements for the nutrient claim and are misbranded as "healthy."

64.    Plaintiff also sustained legally cognizable injury in the form of lost money as a result of KIND's misbranding, which also was in the nature of an omission. KIND failed to adequately disclose that 1) KIND All Natural Bars contained artificial or synthetic ingredients and 2) KIND Healthy Bars exceed federal requirements for the nutrient claim "healthy." Had Defendant labeled the KIND All-Natural Bars truthfully or KIND Healthy Bars in conformance with applicable federal and state regulations, Plaintiff would not have purchased the snack bar at all, and certainly not at the price offered.

24

65.     Plaintiff has been injured in fact and has suffered out of pocket losses. Plaintiff does not, however, seek a refund of the purchase price or any portion thereof, as Plaintiff seeks only equitable and injunctive relief as provided by applicable law.  R.C. 1345.09(D).

## SOLE CAUSE OF ACTION

### (Violation of Ohio's Consumer Sales Practices Act)

66.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

67.     Plaintiff brings this claim under R.C. 1345.09(D), which permits any consumer to seek injunctive relief as to acts or practices that violate R.C. 1345.02

68.     Plaintiff is a consumer under CSPA.

69.     Defendant Kind LLC is a Delaware limited liability company that does business in Ohio, and is a "supplier" as defined in CSPA.

70.     The parties were participants in a "consumer transaction."

71.     All of Defendant's actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized and/or done by Defendant's various officers, agents, employees, or other representatives while actively engaged in the management of Defendant's affairs and within the course and scope of their duties and employment, and/or with the actual, apparent, and/or ostensible authority of Defendant.

72.     KIND violated and continues to violate the CSPA by engaging in the following practices proscribed by R.C. 1345.02 in its transactions with Plaintiff which were intended to result in, and did result in, the sale of KIND All-Natural Bars and KIND Healthy Bars:

   a)      Representing that [the Products have] … characteristics … uses [or] benefits … which it does not have … ***

   b)      Representing that [the Products are] of a particular standard, quality or grade… if [they are] of another. ***

   c)      Advertising a good… with intent not to sell it as advertised. ***

25

d)      Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

e)      Defendant's nutrient content claim of "healthy" lacked and lacks substantiation, in violation of  R.C. 1345.02(A) vis-à-vis OAC §109:4-3-10.

73.     KIND violated the CSPA by making false or deceptive representations about KIND All-Natural Bars and KIND Healthy Bars as described above, when they knew, or should have known, that the representations and advertisements were false or misleading.

74.     Plaintiff reasonably relied upon KIND's representations regarding the qualities and attributes of KIND All-Natural Bars and KIND Healthy Bars.

75.     Plaintiff was deceived by KIND's representations as to the qualities and attributes of KIND All-Natural Bars and KIND Healthy Bars, including but not limited to the benefits and characteristics of the snack bars, taken as a whole, as described herein.

76.      Plaintiff purchased a number of the subject bars, including but not limited to The Kind Fruit & Nut Almond & Apricot product but would not have purchased KIND All-Natural Bars or KIND Healthy Bars had he known that KIND's claims were untrue, or had he known the true nature of KIND All-Natural Bars or KIND Healthy Bars.

77.     Plaintiff seeks an order of this Court awarding Plaintiff prospective injunctive relief, thus not implicating a recall of product advertised or shipped prior to the effective date of injunction, and attorneys' fees and costs as allowed by statute.

Electronically Filed 09/21/2015 11:36 / / CV 15 851422 / Confirmation Nbr. 547348 / CLSDH

## PRAYER FOR RELIEF

Wherefore,  Plaintiff requests judgment and relief as follows:

1. An order enjoining Kind LLC from propagating in Ohio a claim that subject bars are "healthy" or "all natural" unless and until, if ever, Defendant has a reasonable basis, i.e. substantiation, for such claim(s);

2. Statutory pre-judgment and post-judgment interest;

3. Payment of reasonable attorneys' fees and costs; and

4. Such other relief as the Court may deem just and proper.

/s/ Mark Schlachet_____
Mark Schlachet (#0009881)
3515 Severn Road
Cleveland Heights, Ohio 44118
Telephone:  216/225-7559
Facsimile:  216/932-5390
Email:  mschlachet@gmail.com

*Counsel to Plaintiff Barry A. Cohen*

Electronically Filed 09/21/2015 11:36 /  / CV 15 851422 / Confirmation Nbr. 547348 / CLSDH